IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TONI MILES** | § | **PLAINTIFF** |
| | § | |
| v. | § | CIVIL ACTION NO. 1:09CV713-LG-RHW |
| | § | |
| **RAYCOM MEDIA, INC. and RAYCOM** | § | |
| **MEDIA doing business as WLOX, LLC** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss Plaintiff's State Law Claims, or in the Alternative Motion for Summary Judgment [6] filed by the defendants, Raycom Media, Inc., and Raycom Media doing business as WLOX, LLC. The plaintiff, Toni Miles, did not file a response to the Motion. Upon reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss Miles' defamation, false light, and negligent infliction of emotional distress claims should be dismissed. Miles' claims of sex discrimination and intentional infliction of emotional distress remain pending.

### FACTS

Miles began working as a producer for the WLOX television station owned by the defendants on December 18, 2001. (Compl. at 2). She was later promoted to the position of news anchor. (*Id.*) On October 24, 2008, she was arrested during a drug raid at a home she was visiting. (*Id.*) After that incident, WLOX's news director told her that her contract, which ended on October 31, 2008, would not be renewed and that she should not return to work. (*Id.* at 3). She alleges that she was subjected to sex discrimination prior to her termination and that her termination itself constituted sex discrimination. (*Id.*) She also alleges that WLOX defamed her for her alleged involvement in the drug raid and "has allowed cyber libel" against her by running

a news article on its webpage and "subsequently allow[ing] unfiltered online comments which contained false information." (*Id.* at 3, 5).  The defendants filed the present Motion to Dismiss seeking dismissal of some of Miles' claims.

## DISCUSSION

In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly*, 550 U.S. at 555.  The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  If a court considers matters outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment, but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  In the present case, the defendants attached a copy of the newspaper article at issue in this case as an exhibit to their Motion.  Because the article is mentioned in the Complaint and is central to Miles' claims, the article is a part of the pleadings, and thus, it is not necessary to convert the Motion to a Motion for Summary Judgment.

**I. DEFAMATION AND FALSE LIGHT**

    **A. The Website Article**

The defendants argue that Miles' claims concerning the website article should be dismissed because she does not allege that the information contained in the article is false and the

contents of the article are essentially admitted by Miles in her Complaint. To prove defamation under Mississippi law, a plaintiff must demonstrate that the defendant communicated a false statement that has the capacity to injure the plaintiff's reputation to a third party. *Mayweather v. Isle of Capri Casino, Inc.*, 996 So. 2d 136, 139 (Miss. Ct. App. 2008). To demonstrate a claim for false light invasion of privacy, a plaintiff must demonstrate that the defendant placed the plaintiff in a false light that would be highly offensive to a reasonable person and that the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter. *Cook v. Mardi Gras Casino Corp.*, 697 So. 2d 378, 382 (Miss. 1997).

The article at issue stated that Miles was arrested along with three others on felony drug charges. (Ex. B to Defs.' Mot.). It stated that cocaine and methamphetamine was seized in a search of a home during the raid. (*Id.*) Furthermore, it explained that Miles and others were charged with possession of cocaine and her bond was set at $50,000. (*Id.*) In her Complaint, Miles admits that she was arrested in a drug raid, and she does not allege that any of the statements in the article were false. The article did not state that she had actually committed any crime, but correctly noted that she had been arrested and charged with possessing drugs. As a result, the Court finds that Miles has not stated a claim for false light or defamation concerning the article, because she does not contend that any statement in the article was false.

### B. Third Party Comments Concerning the Website Article

The defendants argue that they are immune from liability for the comments posted by third parties on their website pursuant to the Communications Decency Act, 47 U.S.C. §230(c)(1), which provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content

provider." This provision provides broad immunity to web-based service providers for all claims stemming from their publication of information created by third parties. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Persons who claim that they were harmed by a website's publication of user-generated content may sue the third-party user who generated that content, but they may not sue the interactive computer service that enabled the third-party user to publish the content online. *Doe*, 528 F.3d at 419. Thus, an interactive computer service is entitled to immunity as long as it did not create or author the particular information at issue. *Prickett v. Infousa, Inc.*, 561 F. Supp. 2d 646, 651-52 (E.D. Tex. 2006).

The United States District Court for the Northern District of Indiana, when confronted with similar issue, held that a newspaper could not be held liable for the publication of comments posted by third parties on its website pursuant to the Communications Decency Act. *Collins v. Purdue Univ.*, No. 4:09cv12, 2010 WL 1250916 at *14 (N.D. Ind. Mar. 24, 2010). The Court explained that the newspaper that owned the website did not create or develop the posted comments, and there was no indication that the newspaper encouraged its readers to comment on website articles in a defamatory manner. *Collins*, 2010 WL 1250916 at *14. Furthermore, there was no allegation that the newspaper revised or redrafted the comments. *Id.*

In the present case, Miles alleges that the defendants "ran a news article and subsequently allowed unfiltered online comments which contained false information." (Compl. at 5). Miles does not allege that the defendants wrote or revised the false comments. In fact, she alleges that the comments were not filtered by the defendants. Furthermore, she complains that the defendants merely allowed the comments, and there is no indication or allegation that the defendants encouraged defamatory comments on their website. As a result, the Court finds that

the defendants are immune from liability for the allegedly defamatory third-party comments published on its website pursuant to the Communications Decency Act.

## II. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The defendants argue that Miles' negligent infliction of emotional distress claim is barred by the exclusivity provision of the Mississippi Workers' Compensation Act, Miss. Code Ann. §71-3-9.  As this Court has previously held, a claim for negligent infliction of emotional distress does not arise from acts of intentional discrimination, and any state tort claim grounded in negligence is barred by the Workers' Compensation Act.  *Mengucci v. Brown Bottling Grp., Inc.*, No. 3:09cv577-TSL-FKB, 2010 WL 996741 at *1 (S.D. Miss. Mar. 16, 2010); *Fortenberry v. Gulf Coast Cmty. Action Agency, Inc.*, No. 1:06cv535-LG-JMR, 2007 WL 4292996 at *3 (S.D. Miss. Dec. 5, 2007).  Therefore, Miles' claim for negligent infliction of emotional distress is barred and must be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss Plaintiff's State Law Claims, or in the Alternative Motion for Summary Judgment [6] filed by the defendants, Raycom Media, Inc., and Raycom Media doing business as WLOX, LLC, is **GRANTED**.  Miles' defamation, false light, and negligent infliction of emotional distress claims are hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 26th day of August, 2010.

                                           s/ *Louis Guirola, Jr.*
                                           LOUIS GUIROLA, JR.
                                           UNITED STATES DISTRICT JUDGE