IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TONI MILES** § | | **PLAINTIFF** |
| § | | |
| v. § | | **Civil Action No. 1:09cv713-LG-RHW** |
| § | | |
| **RAYCOM MEDIA, INC. and** § | | |
| **RAYCOM MEDIA doing business** § | | |
| **as WLOX, LLC** § | | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [25] filed by Raycom Media, Inc. and Raycom Media doing business as WLOX, LLC (hereinafter collectively referred to as "WLOX"). The plaintiff, Toni Miles, has filed two responses to the Motion and WLOX has filed two replies. Upon reviewing the submissions of the parties and the applicable law, the Court finds that WLOX is entitled to judgment as a matter of law.

### FACTS

Miles began working as a producer for the WLOX television station owned by the defendants on December 18, 2001. (Compl. at 2). She was later promoted to the position of news anchor. (*Id.*) On October 24, 2008, she was arrested during a drug raid at a home she was visiting. (*Id.*) After that incident, WLOX's news director told her that her contract, which ended on October 31, 2008, would not be renewed and that she should not return to work. (*Id.* at 3). She alleges that her termination constitutes gender discrimination, because a male WLOX employee had been arrested at least once for drug possession but was not terminated. (*Id.*) Furthermore, she claims that the

station director, David Vincent, told her to change from shorts into pants when she worked as a videographer, while male videographers were permitted to wear shorts. (*Id.*) On another occasion, she alleges that the chief photographer loudly shouted that she had a learning disability when she sought help on a project. (*Id.*) This Court has previously granted WLOX's Motion to Dismiss Miles' defamation, false light, and negligent infliction of emotional distress claims. WLOX now seeks summary judgment regarding her remaining claims of gender discrimination and intentional infliction of emotional distress.

## DISCUSSION

### I. Standard of Review

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

256-57 (1986).

## II. Gender Discrimination

Miles alleges that her termination constituted gender discrimination, because a male WLOX employee, Daniel Trochessett, had been arrested at least once for drug possession but was not terminated. However, WLOX claims that Miles was terminated as part of a reduction in force and that the decision not to renew her contract was made before her arrest. (Ex. D to Defs.' Mot.) Three males were also terminated as part of the reduction in force. (*Id.*) WLOX further argues that it was unaware of Trochessett's arrest prior to the filing of Miles' discrimination claim, and that Trochessett was a part-time Master Control Operator that did not appear on-air. (*Id.*) According to WLOX, Miles is not qualified to serve as a Master Control Operator. (*Id.*) WLOX also states that Miles' position was never filled after her termination. (*Id.*) Miles counters that her position was posted on a career website before she was informed that her contract would not be renewed. In support of this assertion, she relies on a third-party comment to a news article. (Ex. C to Pl.'s 2d Resp.) Miles also claims that Trochesset is a cameraman, relying on a copy of Trochesset's facebook page. (Ex. E to PL.'s Resp.)  She claims that evidence will prove that the three males terminated pursuant to WLOX's reduction in force were terminated more than a month after she was and were then rehired within months, but she has not provided this evidence to the Court. Finally, she claims that her arrest was the motivation for her termination, rather than a reduction in force.

In order to set forth a prima facie case of employment discrimination, a plaintiff

must demonstrate (1) that she belongs to a protected class; (2) that she was qualified for the position; (3) that she suffered an adverse employment decision; and (4) that she was replaced by someone outside the protected class, or in the case of disparate treatment, that similarly situated persons outside her protected class were treated more favorably under circumstances that were "nearly identical" to hers. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001). If the plaintiff presents a prima facie case, the burden shifts to the defendant to demonstrate a "legitimate, nondiscriminatory justification for its actions." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003). If the defendant offers such a justification, the burden again shifts to the plaintiff to show that the defendant's alleged justification was a pretext for discrimination. *Manning*, 332 F.3d at 881.

It appears that Miles has satisfied the first three elements of a prima facie case for gender discrimination, since she belongs to a protected class, she was qualified for her position, and she was terminated. As for the fourth element, WLOX has provided evidence in the form of an affidavit that Miles was not replaced by anyone, while Miles claims that her job was advertised based on an unsworn comment made on the internet by an unknown person. The comment is inadmissible hearsay that cannot be considered by the Court. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial.") Furthermore, even if the evidence

relied on by Miles were admissible, she produces no evidence that her position was ever filled by someone outside her protected class. Miles also has not produced any evidence that similarly situated persons outside her protected class were treated more favorably under circumstances that were "nearly identical" to hers. There is no evidence before the Court that Trochesset was ever arrested for anything, or that WLOX had any knowledge of such an arrest during the relevant time period. In addition, Trochesset's circumstances were not nearly identical to Miles' circumstances, because Trochesset was a part-time behind-the-scenes employee that did not appear on air, while Miles was a news anchor and reporter that frequently appeared on air. Finally, Miles' unsupported claims that evidence will in the future demonstrate that male employees dismissed as part of the reduction in force were treated differently are insufficient to create a genuine issue of material fact. Therefore, Miles has not alleged a prima facie case of discrimination, assuming that her arrest was the cause of her termination.

However, the Court notes that different factors are often utilized to analyze cases where the termination was part of a reduction in force. *See, e.g., Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996); *Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990). Under the *Nichols* standard, the plaintiff must prove (1) that she was within a protected class; (2) that she has been adversely affected by the employer's decision; (3) that she was qualified to assume another position at the time of the discharge; and (4) that the employer intended to discriminate in reaching the decision at issue. *Nichols*, 81 F.3d at 41. Miles has produced no evidence that WLOX intended to discriminate.

Under the standard set forth in *Vaughn*, the fourth element of a prima facie claim is "after [the employee's] discharge, others who were not members of the protected class remained in similar positions." *Vaughn*, 918 F.2d at 521. Miles has not attempted to demonstrate that males remained in a similar position, although the Court notes that male news anchors probably remained at the station after the reduction in force. Nevertheless, even if Miles has alleged a prima facie claim under any standard, WLOX has stated a legitimate, nondiscriminatory reason for terminating her since it has provided admissible evidence that her termination was the result of a reduction in force. *See E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996); *Taylor v. Albermarle Corp.*, 286 Fed. Appx. 134, 134-35 (5th Cir. July 1, 2008). As a result, summary judgment is proper unless Miles provided evidence that WLOX's reason was pretextual. There is no evidence before the Court that the reduction in force was not WLOX's true reason for terminating her. The requirement that Miles wear pants and one stray comment that she is "learning disabled" are insufficient to demonstrate pretext. *See Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997)( In order to establish pretext, the employee must demonstrate that her protected characteristic "actually played a role in" and "had a determinative influence on" the employer's decision). As a result, WLOX is entitled to judgment as a matter of law.[1]

---

[1] In her second response, Miles asks the Court to strike the affidavit labeled Exhibit D to WLOX's Motion, because it conflicts with Trochesset's facebook page and a third party comment to a news article. Because the facebook page and the comment to the article constitute unsworn statements made by third parties that are offered to

### III. Intentional Infliction of Emotional Distress

"To establish a claim for intentional infliction of emotional distress, the plaintiff must show that the defendant through 'extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to another . . . .'" *Waters v. Allegue*, 980 So. 2d 314, 318-19 (¶ 14) (Miss. Ct. App. 2008) (quoting *Peoples Bank & Trust Co. v. Cermack*, 658 So. 2d 1352, 1365 (Miss. 1995)).  If the defendant's conduct evokes outrage or revulsion, a plaintiff can recover for intentional infliction of emotional distress even in the absence of physical injury. *Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1048 (¶¶ 16-17) (Miss. 2007).  Miles has not alleged any extreme or outrageous conduct on the part of WLOX.  Therefore, the Court finds that WLOX is entitled to summary judgment regarding her intentional infliction of emotional distress claim.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [25] filed by Raycom Media, Inc. and Raycom Media doing business as WLOX, LLC, is **GRANTED**.  This lawsuit is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

prove the truth of the matter asserted, they constitute inadmissible hearsay that cannot be relied on by the Court.  *See* Fed. R. Evid. 801.